# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **NIKKIA PARISH** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | No. _____ |
| **STATE FARM LLOYDS AND** | § | |
| **RUSSELL LETCHER** | § | **JURY DEMAND** |
| | § | |
| **Defendants.** | § | |

## INDEX OF STATE COURT DOCUMENTS

Pursuant to Rule 81.1 of the Local Rules of the United States District Court for the Northern District of Texas, the following is an index of all documents that clearly identifies each document and indicates the date the document was filed with the Tarrant County District Clerk.

| **Exhibit** | **Date** | **Document** |
|---|---|---|
| B | n/a | Docket Sheet |
| C | April 1, 2015 | Plaintiff's Original Petition |
| D | April 1, 2015 | Civil Case Information Sheet |
| E | April 16, 2015 | Executed Citation for State Farm Lloyds |
| F | April 27, 2015 | State Farm Lloyds Original Answer |
| G | April 30, 2015 | Unexecuted Return of Service Report for Russell Letcher |
| H | May 6, 2015 | Defendant State Farm Lloyd's Certificate of Interested Persons |



EXHIBIT
A

```
                    TARRANT COUNTY DISTRICT CLERK'S OFFICE      Page:    1
JIMSGTM8               ALL TRANSACTIONS FOR A CASE              Date: 04/30/2015
                                                               Time: 14:47
```

```
┌──────────────────────────────────────────────────────────────────────────┐
│          Cause Number: 348-277660-15   Date Filed: 04/01/2015              │
│   NIKKIA PARISH                   │ v │  STATE FARM LLOYDS AND RUSSELL      │
│                                   │ s │  LETCHER                            │
│ _____  Cause of Action: CONTRACT, DEBT/CONTRACT                         │
│ _____  Case Status·····: PENDING                                       │
├──────────────────────────────────────────────────────────────────────────┤
```

| Filemark | Description | | Fee Total |
|----------|-------------|---|-----------|
| 04/01/2015 | PLF'S ORIGINAL PETITION | NI | 274.00 |
| 04/01/2015 | COURT COST (PAID) trans #1 | Y | 274.00 |
| 04/01/2015 | CIVIL CASE INFORMATION SHEET | I | 0.00 |
| 04/01/2015 | COPIES - ELECTRONIC | N | 28.70 |
| 04/01/2015 | COURT COST (PAID) trans #4 | Y | 28.70 |
| 04/01/2015 | JURY FEE | N | 30.00 |
| 04/01/2015 | COURT COST (PAID) trans #6 | Y | 30.00 |
| 04/01/2015 | CIT Cert Mail-ISSUED ON STATE FARM LLOYDS-On | N | 83.00 |
| 04/01/2015 | CIT Cert Mail-ISSUED ON RUSSELL LETCHER-On | N | 83.00 |
| 04/01/2015 | COURT COST (PAID) trans #9 | Y | 83.00 |
| 04/01/2015 | COURT COST (PAID) trans #8 | Y | 83.00 |
| 04/01/2015 | E-FILE TRANSACTION FEE | N | 2.00 |
| 04/01/2015 | COURT COST (PAID) trans #12 | Y | 2.00 |
| 04/16/2015 | CIT Cert Mail Tr# 8 RET EXEC(STATE FARM LLOYDS) On | I | 0.00 |
| 04/27/2015 | (ORIG ANS) DEFN STATE FARM LLOYDS...TO PLF'S ORIG | I | 0.00 |
| 04/27/2015 | E-FILE TRANSACTION FEE | N | 2.00 |
| 04/27/2015 | COURT COST (PAID) trans #16 | Y | 2.00 |
| 04/30/2015 | CIT Cert Mail Tr# 9 RET UNEXEC(RUSSELL LETCHER) On | I | 0.00 |

Total Number Of Records Printed:    18

EXHIBIT

B

# Civil Docket    Discovery: 3    348-277660-15 ✓

Cause Of Action: CONTRACT, DEBT/CONTRACT *(INS.)*

| | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| **Date Filed**<br>04/01/2015 | NIKKIA PARISH | HORNECKER, JACEY<br>1350 N LOOP 1604 E, STE 104 |
| Jury 04/01/2015<br>Fee $ 30.00 | vs. | SAN ANTONIO, TX 78232<br>BarID: 24085383TX  Ph (210)495-6789  PLTF<br>SPEIGHTS & WORRICH<br>JACEY@SPEIGHTSFIRM.COM |
| Paid NIKKIA<br>By  PARISH | STATE FARM LLOYDS AND RUSSELL<br>LETCHER | *Rhonda J. Thompson : State Farm Lloyds*<br>*Thompson, Coe, Cousins & Irons, LLP.*<br>*700 N. Pearl St., 25th Fl*<br>*Dallas, TX 75201*<br>*214-871-8200* |

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

A CERTIFIED COPY

ATTEST: *April 30, 2015*
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

348-277660-15

BY: *Julie A Martinez*
DEPUTY
JULIE MARTINEZ

PAGE 1 OF 1

FILED
TARRANT COUNTY
4/1/2015 2:40:06 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-277660-15

| | | |
|---|---|---|
| NIKKIA PARISH | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL COURT |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | TARRANT COUNTY, |
| AND RUSSELL LETCHER | § | TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Nikkia Parish, hereinafter referred to as "Plaintiff," complaining of Defendants, State Farm Lloyds and Russell Letcher (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Nikkia Parish, is an individual and resident of Texas.

Defendant, State Farm Lloyds ("State Farm"), is a Texas domestic Lloyd's plan insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. Additionally, one or more of State Farm's "members' are citizens of Texas. It can be served with citation by serving its

Page 1 of 21

A CERTIFIED COPY
ATTEST: _April 30, 2015_
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: _Julie A. Martinez_
DEPUTY
JULIE MARTINEZ

**EXHIBIT**
C

PAGE 1 OF 41

348-277660-15

registered agent, Rendi Black c/o State Farm, by certified mail, return receipt requested, at 17301 Preston Road, Dallas, Texas 75252-5727.

Defendant, Russell Letcher ("Letcher"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 6745 Clear Spring Drive, Fort Worth, Texas 76132-3750, or wherever else he may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Tarrant County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Tarrant County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code § 15.032 (see below). Venue is proper and mandatory in Tarrant County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.    Plaintiff is the owner of insurance Policy Number 93B3Q0285 issued by Defendant, State Farm (hereinafter referred to as the "Policy").

348-277660-15

B. Plaintiff owned the insured property, which is specifically located at 5709 Eisenhower Drive, Fort Worth, Tarrant County, Texas 76112-7706 on October 2, 2014 (hereinafter referred to as the "Property").

C. Defendant State Farm or its agent sold the Policy, insuring the Property, to Plaintiff.

D. On or about October 2, 2014, a wind and hailstorm struck the Fort Worth, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E. Plaintiff submitted a claim to State Farm against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm. Plaintiff asked that State Farm cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F. Defendants have assigned claim number 43-535Z-417 to Plaintiff's claim.

G. Defendant Letcher was the agent for State Farm and represented State Farm in regard to Plaintiff's claim. Letcher also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim. As such, Letcher acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim. Therefore, Letcher is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA. Furthermore, Letcher acted as the agent and representative for State Farm in this claim.

H. Defendant Letcher improperly adjusted the Plaintiff's claim. Defendant Letcher conducted a substandard inspection, which is evidenced in his report, which failed to include many of

PAGE 3 OF 41

348-277660-15

Plaintiff's damages.[1]  his estimate did not allow adequate funds to cover repairs to restore Plaintiff's home.  Without limitation, Letcher misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[2]  Letcher made these and other misrepresentations to Plaintiff as well as to State Farm.  Plaintiff and State Farm both relied on Letcher's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance.  Letcher's misrepresentations caused State Farm to underpay Plaintiff on her insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property.  This has caused additional, further damage to Plaintiff's property. Letcher also advised Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property.[3]  This advice was negligent and false because it turns out Plaintiff could not properly repair her Property and prevent future damage by following Letcher's advice.  Plaintiff's Property has sustained further damages as a result.

I.      Defendants State Farm and Letcher misrepresented that the damages caused by the wind and hailstorm were only $5,357.11.[4]  However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $48,000.00 and were caused by a covered occurrence.

---

[1] *See Exhibit A: Defendant Letcher's Damages Estimate Letter dated November 2, 2014.*
[2] *Id.*
[3] *Id.*
[4] *Id.*

PAGE 4 of 41

348-277660-15

J.     Defendants State Farm and Letcher failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

K.     These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

L.     Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

M.     Defendant State Farm failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

N.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

O.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

P.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without

PAGE 5 of 41

348-277660-15

any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

Q. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

R. Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

S. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

T. Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes

PAGE 6 OF 41

348-277660-15

violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE Section 542.056.

U.    Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for her claim.  Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

V.    From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

W.    As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

X.    Plaintiff's experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

PAGE 7 of 41

348-277660-15

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract Against State Farm

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, State Farm has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542 Against State Farm and Letcher

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In

348-277660-15

addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action Against State Farm and Letcher**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

PAGE 9 OF 41

348-277660-15

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts,

PAGE 10 OF 41

omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.  Cause of Action for Unfair Insurance Practices Against State Farm and Letcher**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code.  Plaintiff has satisfied all conditions precedent to bringing this cause of action.  By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code.  Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear.  They further include Defendants' failure to give Plaintiff the benefit of the doubt.  Specifically, Defendants are guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.    Engaging in unfair claims settlement practices;

C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E.   Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against State Farm and Letcher**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

348-277660-15

### F.   Cause of Action for Fraud Against State Farm and Letcher

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff. These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to her detriment. The representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim. As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### G.   Cause of Action for Conspiracy Against State Farm and Letcher

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

PAGE 13 OF 41

348-277660-15

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breaches of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action which, among other things, was intended to deprive the Plaintiff of the benefit and coverage of the insurance Policy that she purchased; and Plaintiff suffered injury as a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' conspiracy as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of

PAGE 14 OF 41

court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

**H. Cause of Action for Aiding and Abetting Against State Farm and Letcher**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

### 1. Assisting or Encouraging

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The other Defendant(s) had knowledge that the primary actor's conduct constituted a tort or torts. The other Defendant(s) had the intent to assist the primary actor in committing the tort(s). The other Defendant(s) gave the primary actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s). Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental

damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

## 2. Assisting and Participating

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The other Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result. The other Defendant(s)' own conduct, separate from the primary actor's, was a breach of duty to the Plaintiffs. The other Defendant(s)' participation was a substantial factor in causing the tort or torts. Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees

348-277660-15

through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

### I. Cause of Action for Negligence and Gross Negligence Against Letcher

Plaintiff realleges and incorporates by reference all previous paragraphs and allegations herein.

The Defendant Letcher was negligent in giving advice to Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property. This advice as to how to repair Plaintiff's Property was negligent because Plaintiff could not properly repair her Property and prevent future damage by following Letcher's advice. Plaintiff's Property has sustained further damages as a result. Letcher owed a duty to use reasonable care when he undertook to advise the Plaintiff as how she could repair her Property so as to prevent further damage to the Plaintiff's Property. Defendant Letcher breached this legal duty. The breach proximately caused injury to the Plaintiff.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendant Letcher.

### J. Cause of Action for Negligent Misrepresentation Against Letcher

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendant Letcher constitute negligent misrepresentations that have caused damages to Plaintiff. Defendant Letcher made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which Defendant had an interest. The Defendant supplied false information for the

PAGE 17 OF 41

348-277660-15

guidance of others, including Plaintiff. The Defendant did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff. Plaintiff justifiably relied upon such representations, and the Defendant's negligent misrepresentations proximately caused further damages to Plaintiff's Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendant Letcher.

Plaintiff seeks herein, as a result of Defendant's negligent misrepresentations, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII. WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment

PAGE 18 OF 41

interest and attorneys fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

### IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

### X.  EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

### XI.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiff is entitled to recover these attorneys' fees under Chapter 38

PAGE 19 OF 41

348-277660-15

of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance

Code, and Section 17.50 of the DTPA.

## XII.  JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1,

Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set

for trial, in accordance with Texas Rule of Civil Procedure 216.  Plaintiff tenders the fee of

$30.00, as required by Texas Government Code Section 51.604.

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants

disclose, within 50 days of the service of this request, the information or material described in

Rule 194.2 (a) – (1).

348-277660-15

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _Jacey Hornecker w/ Perm_
JACEY HORNECKER
Texas State Bar No. 24085383
jacey@speightsfirm.com

**ATTORNEY FOR PLAINTIFF**

PAGE 21 OF 41

348-277660-15

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*                                   **StateFarm**

November 02, 2014

Nikkia Parish                                   **State Farm Claims**
PO Box 51519                                    P.O. Box 2323
Fort Worth TX  76105-8519                       Bloomington IL 61702-2323

RE:   Claim Number:        43-535Z-417
      Policy Number:       93B3Q0285
      Date of Loss:        October 02, 2014

Dear Ms. Parish:

Thank you for the opportunity to inspect your loss at the above address on November 2, 2014.

State Farm® agrees there is covered damage caused by wind to the areas which we have
itemized in our estimate. Please note, the claim adjustment for these covered damages reflects
the applicable policy deductible.

Our adjustment reflects these covered damages as indicated below.

**Building:**

| | |
|---|---|
| State Farm Estimate | $5,357.11 |
| Less Depreciation | $678.49 |
| Less Non-recoverable depreciation | $1,035.39 |

**Contents:**

| | |
|---|---|
| Summary for Coverage B – Personal Property | $443.56 |
| Less depreciation | $101.48 |
| Less Deductible: | $2,329.00 |
| **Total Payable** | $1,656.31 |

Therefore, payment of $1,656.31 was issued on November 2, 2014 at the time of our inspection.

Furthermore, we observed additional damage not caused by wind. State Farm denies coverage
for damage to shingles and other exterior roofing components, except those covered damages
identified in our estimate, because such other damage is excluded by the following policy
provisions. We call your attention to the applicable portion of your policy:

**SECTION I - LOSSES NOT INSURED**



EXHIBIT
A

PAGE 22 OF 41

348-277660-15

43-535Z-417
Page 2
November 02, 2014

1.   We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces or occurs as a result of any combination of these:

    g.   wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown.

    i.   wet or dry rot

State Farm also observed that there are a number of composition shingles that do not have any damage. The policy insures for accidental direct physical loss. Please refer to the following applicable part of your policy:

## SECTION I - LOSSES INSURED

**COVERAGE A - DWELLING**

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I - LOSSES NOT INSURED.**

There is no coverage for the replacement of the undamaged shingles since there is no accidental direct physical loss.

While State Farm has inspected your residence, an inspection of the interior of your home did not occur. You advised that there was no interior damage in your home and, thus, no reason for State Farm to inspect the interior. If you become aware of interior damage you believe may relate to this loss, or would want State Farm to inspect the interior of your home, please contact me as soon as possible to schedule an inspection.

Because we value you as a policyholder and appreciate your business, we want to ensure you understand the coverage decision.

If you have any additional information that has not been previously considered, or desire any additional explanation, please contact us.

Sincerely,

Russell J Letcher
Independent Adjuster
(866) 787-8676 Ext. 4317

State Farm Lloyds

348-277660-15

*StateFarm*

# Summary of Loss

**Named Insured:** Nikkia Parish

**Claim Number:** 43-535Z-417

**Coverage A - Dwelling**      Limit of Liability: $ _____ 233,366
**Coverage A - Dwelling Extension**      Limit of Liability: $ _____

| Description | Amount |
|---|---|
| Cost of repairs per State Farm Estimate | $ _____ 5,357.11 |

         Total Coverage A: $ _____ 5,357.11

**Coverage B - Personal Property**      Limit of Liability: $ _____ 11,645

| Description | Amount |
|---|---|
| Cost outlined per Contents Inventory | $ _____ 443.56 |

         Total Coverage B: $ _____ 443.56

**Coverage C - Loss of Use**      Limit of Liability: $ _____

         Total Coverage C: $ _____ 0.00

**Other Coverages (if applicable)**

         Total Other Coverages (if applicable): $ _____ 0.00

**Payments Made**

**Comments / Supplements:**

| | |
|---|---|
| Coverage A+B+C Total: $ | 5,800.67 |
| Other Coverages (if applicable): $ | 0.00 |
| Total All Coverages: $ | 5,800.67 |
| Less Recoverable Dep. Cov. A: $ | 678.49 |
| Paid When Incurred: $ | 0.00 |
| Less Non-Recoverable Dep. Cov. A: $ | 1,035.39 |
| Less Recoverable Dep. Cov. B: $ | 101.48 |
| Less Non-Recoverable Dep. Cov. B: $ | 0.00 |
| Subtotal: $ | 3,985.31 |
| Less Deductible: $ | 2,329.00 |
| Less Amounts Over Limit(s): $ | 0.00 |
| Less Ordered Items: $ | 0.00 |
| Less Owner Retained Salvage: $ | 0.00 |
| Total Payable: $ | 1,656.31 |
| Less Total Payments Made: $ | |

348-277660-15

Page 2 of 2

|  | 0.00 |
| Net Payment: $ | 1,656.31 |

Russell J Letcher                          11/2/2014
**Signature**                                **Date**

\* *Your policy may provide for additional payments on a replacement cost basis for the Recoverable Depreciation*
*listed above for Cov. A and Cov. B, for your Building and Personal Property.*
*Please refer to your policy for specific time limits and additional settlement provisions.*
*Please contact your claim representative if you have any questions.*

348-277660-15

PARISH, NIKKIA



43-535Z-417



**State Farm**
**P.O. Box 2323**
**Bloomington, IL 61702-2323**
**Fax: 1-877-732-6556**

# Structural Damage Claim Policy

When you have a covered structural damage claim to your real property, you should know:

- We want you to receive quality repair work to restore the damages to your property.

  ◦ We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the *contractor you select have questions concerning our estimate, they should contact your claim representative* directly.

  ◦ Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

  ◦ There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

- If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning repairs.

  ◦ State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

  ◦ State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

  ◦ It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.

Date:   11/2/2014 8:42 AM                                      132214.1  06-18-2009      Page:

PAGE 26 OF 41

348-277660-15

43-5352-417

 **StateFarm** **Building Estimate Summary Guide**

**This summary guide is based on a sample estimate and is provided for reference only.**
**Please refer to the estimate for specifics of your claim.**

---

### State Farm Insurance

| | | |
|---|---|---|
| Insured: | Smith, Joe & Jane | |
| Property: | 1 Main Street | |
| | Anywhere, IL 00000-0000 | |
| Type of Loss: | Other | |
| Deductible: | $1,000.00 | |

| | |
|---|---|
| Estimate: | 00-0000-000 |
| Claim number: | 00-0000-000 |
| Policy Number: | 00-00-0000-0 |
| Price List: | ILBL8F_MAR 13 Restoration/Service/ Remodel F = Factored In, D = Do Not Apply |

### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total [1] | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead [2] | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10.0% x 6,105.10 | 610.51 |
| Replacement Cost Value (Including General Contractor Overhead and Profit) [3] | | | 7,326.12 |
| Less Depreciation (Including Taxes) [4] | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & | | | |
| Non - recoverable Depreciation | | | (166.50) |
| Less Deductible [5] | | | |
| Net Actual Cash Value Payment [6] | | | |

### Maximum Additional Amounts Available If Incurred:

| | |
|---|---|
| Total Line Item Depreciation (Including Taxes) [4] | 832.50 |
| Less Non - recoverable Depreciation (Including Taxes) [7] | |
| Subtotal | 312.50 |
| General Contractor O&P on Depreciation | 166.50 |
| Less General Contractor O&P on Non - recoverable Depreciation | |
| Subtotal | |
| Total Maximum Additional Amounts Available If Incurred [8] | |
| Total Amount of Claim If Incurred [9] | |

Claim Representative

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

---

1. **Line Item Total** – Total value of all line items in the estimate plus possible adjustments for labor minimums. Labor Minimum is to cover a certain minimum number of hours for drive-time, set up time and applicable administrative costs and repairs.

2. **General Contractor's Overhead and Profit** – General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV)** – Estimated cost to repair or replace damaged property.

4. **Depreciation** – The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible** – The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV)** – The repair or replacement cost of the damaged part of the property less depreciation and deductible.

7. **Non Recoverable Depreciation** – Depreciation applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount if Incurred** – Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim if Incurred** – Total amount of the claim, including net actual cash value payment and total maximum additional amount available if incurred.

---

PAGE 27 OF 41

348-277660-15

**State Farm**

PARISH, NIKKIA

43-535Z-417

| | | | |
|---|---|---|---|
| Insured: | PARISH, NIKKIA | Estimate: | 43-535Z-417 |
| Property: | 5709 Eisenhower Dr | Claim Number: | 43535Z417 |
| | Fort Worth, TX 76112-7706 | Policy Number: | 93-B3-Q028-5 |
| Home: | (817) 507-3274 | Price List: | TXDF28_OCT14 |
| Cellular: | (267) 251-7155 | | Restoration/Service/Remodel |
| Type of Loss: | Wind Damage | | |
| Deductible: | $2,329.00 | | |
| Date of Loss: | 10/2/2014 | | |
| Date Inspected: | 11/2/2014 | | |

## Summary for Coverage A - Dwelling - 35 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 5,223.98 |
| Material Sales Tax | 124.64 |
| Cleaning Mtl Tax | 0.34 |
| Subtotal | 5,348.96 |
| Cleaning Sales Tax | 8.15 |
| Replacement Cost Value | 5,357.11 |
| Less Depreciation (Including Taxes) | (1,713.88) |
| Less Deductible | (2,329.00) |
| Net Actual Cash Value Payment | $1,314.23 |

## Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) | 1,713.88 | |
| Less Non-recoverable Depreciation (Including Taxes) | <1,035.39> | |
| Subtotal | 678.49 | |
| Replacement Cost Benefits | | 678.49 |
| Total Maximum Additional Amount Available If Incurred | | 678.49 |
| Total Amount of Claim If Incurred | | $1,992.72 |

Russell Letcher
(866) 787-8676 x 4317

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

PAGE 28 OF 41

348-277660-15

## Explanation of Building Replacement Cost Benefits
## Rental Dwelling - RC Policy
## Coverage A - Dwelling - 35 Windstorm and Hail

To:  Name:       PARISH, NIKKIA
     Address:    5709 Eisenhower Dr
     City:       Fort Worth
     State/Zip:  TX, 76112-7706

Insured:        PARISH, NIKKIA                 Claim Number:   43535Z417
Date of Loss:   10/2/2014                      Cause of Loss:  WIND

Your insurance policy provides replacement cost coverage for some or all of the loss or damage to your dwelling or structures. Replacement cost coverage pays the actual and necessary cost of repair or replacement, without a deduction for depreciation, subject to your policy's limit of liability. To receive replacement cost benefits you must:

1.  Complete the actual repair or replacement of the damaged part of the property.
2.  Confirm completion of repair or replacement, by submitting invoices, receipts or other documentation to your agent or claim office.
3.  Notify us within 30 days after the work has been completed.

Carpeting, domestic appliances, awnings and outdoor antennas, whether or not attached to buildings, and other structures (except fences) that are not buildings under Dwelling Extensions not repaired or replaced within two years after the loss will be settled on an actual cash value basis.

Until these requirements have been satisfied, our payment(s) to you will be for the actual cash value of the damaged part of the property, which may include a deduction for depreciation.

Without waiving the above requirements, we will consider paying replacement cost benefits prior to actual repair or replacement if we determine repair or replacement costs will be incurred because repairs are substantially under way or you present a signed contract acceptable to us.

The estimate to repair or replace your damaged property is $5,357.11. The enclosed claim payment to you of $1,314.23 is for the actual cash value of the damaged property at the time of loss, less any deductible that may apply. We determined the actual cash value by deducting depreciation from the estimated repair or replacement cost. Our estimate details the depreciation applied to your loss. Based on our estimate, the additional amount available to you for replacement cost benefits (recoverable depreciation) is $678.49.

If you cannot have the repairs completed for the repair/replacement cost estimated, please contact your claim representative prior to beginning repairs.

All policy provisions apply to your claim

Date:   11/2/2014 8:42 AM                                    132207.6 08/06/2014    Page: 4

348-277660-15

**State Farm**

PARISH, NIKKIA

43-535Z-417

SKETCH1

**Tree Removal**

| | | | |
|---|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling | |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter | |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| Tree removal off the fence and carport | | | | | | |
| 1. Tree - removal and disposal - per hour including equipment | 2.00 HR | 67.32 | 0.00 | 134.64 | | 134.64 |
| Tree debris haul off | | | | | | |
| 2. Tree - removal - per hour (Labor only) | 1.00 HR | 33.20 | 0.00 | 33.20 | | 33.20 |
| Totals: Tree Removal | | | 0.00 | 167.84 | 0.00 | 167.84 |

**Main Level**

**House Roof**

| | | | |
|---|---|---|---|
| 4,226.55 Surface Area | | 42.27 Number of Squares | |
| 446.01 Total Perimeter Length | | 93.30 Total Ridge Length | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| No wind or storm damage observed to the laminate shingle roof based upon the site inspection | | | | | | |
| Below entry allocated to replace the hail damaged turbine vent | | | | | | |
| 3. R&R Roof vent - turbine type | 1.00 EA | 101.71 | 4.64 | 106.35 | (57.74) | 48.61 |
| 4. Prime & paint roof vent | 1.00 EA | 22.73 | 0.50 | 23.23 | (18.58) | 4.65 |
| Totals: House Roof | | | 5.14 | 129.58 | 76.32 | 53.26 |

Date:   11/2/2014 8:39 AM

Page:

PAGE 30 OF 41

348-277660-15

**State Farm**

PARISH, NIKKIA

43-535Z-417

Carport



| | 630.00 Surface Area | 6.30 Number of Squares |
| | 102.00 Total Perimeter Length | 90.00 Total Ridge Length |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 5. R&R Metal roofing | 315.00 SF | 5.25 | 29.63 | 1,683.38 | (112.23) | 1,571.15 |
| 6. R&R Eave trim for metal roofing - 29 gauge | 20.83 LF | 4.62 | 1.65 | 97.88 | (6.53) | 91.35 |
| **Totals: Carport** | | | **31.28** | **1,781.26** | **118.76** | **1,662.50** |

Area Totals: Main Level

2,114.76 Exterior Wall Area
4,856.55 Surface Area                48.57 Number of Squares            1,096.02 Total Perimeter Length
183.30 Total Ridge Length

| Total: Main Level | | | 36.42 | 1,910.84 | 195.08 | 1,715.76 |
|---|---|---|---|---|---|---|

Area Totals: SKETCH1

2,114.76 Exterior Wall Area
4,856.55 Surface Area                48.57 Number of Squares            1,096.02 Total Perimeter Length
183.30 Total Ridge Length

| Total: SKETCH1 | | | 36.42 | 2,078.68 | 195.08 | 1,883.60 |
|---|---|---|---|---|---|---|

**Exterior**

**Front Elevation**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|

No wind or storm damage observed based upon the site inspection

| Totals: Front Elevation | | | 0.00 | 0.00 | 0.00 | 0.00 |
|---|---|---|---|---|---|---|

**Right Elevation**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |

PAGE 31 OF 41

348-277660-15

## State Farm

PARISH, NIKKIA

43-535Z-417

| | | |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| ⊹ 7.  R&R Gutter - aluminum - up to 5" | 75.33 LF | 4.79 | 12.06 | 372.89 | (149.15) | 223.74 |
| | | | | | | |
| Totals:  Right Elevation | | | 12.06 | 372.89 | 149.15 | 223.74 |

### Left Elevation

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| No wind or storm damage observed based upon the site inspection | | | | | | |
| | | | | | | |
| Totals:  Left Elevation | | | 0.00 | 0.00 | 0.00 | 0.00 |

### Rear Elevation

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 8.  Reglaze window, 1 - 9 sf | 1.00 EA | 62.31 | 3.26 | 65.57 | | 65.57 |
| 9.  R&R Window screen, 1 - 9 SF | 1.00 EA | 26.19 | 1.71 | 27.90 | (9.30) | 18.60 |
| | | | | | | |
| Totals:  Rear Elevation | | | 4.97 | 93.47 | 9.30 | 84.17 |

### Fence

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|

Left side yard fence.
Note: non-recoverable depreciation applied to replacement of the left run of fencing per policy provisions

Date:   11/2/2014 8:39 AM

Page:

PAGE 32 OF 41

348-277660-15

State Farm

PARISH, NIKKIA

43-535Z-417

CONTINUED - Fence

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 10. R&R Wood fence 5'- 6' high - treated | 64.00 LF | 23.35 | 46.04 | 1,540.44 | <1,026.95> | 513.49 |
| * 11. R&R 2" x 4" lumber (.667 BF per LF) - fence top cap | 64.00 LF | 2.43 | 2.69 | 158.21 | <8.44> | 149.77 |
| 12. Seal & paint - wood fence/gate | 512.00 SF | 0.77 | 11.83 | 406.07 | (216.57) | 189.50 |
| Wood fence around the back patio | | | | | | |
| 13. R&R Wood fence slat 5' - 6' high - treated | 6.00 EA | 5.69 | 0.94 | 35.08 | | 35.08 |
| 14. 2" x 3" lumber (.5 BF per LF) | 8.00 LF | 1.89 | 0.22 | 15.34 | | 15.34 |
| * 15. Clean fencing - wood | 410.00 SF | 0.24 | 8.49 | 106.89 | | 106.89 |
| 16. Seal & paint - wood fence/gate | 410.00 SF | 0.77 | 9.47 | 325.17 | (108.39) | 216.78 |
| **Totals: Fence** | | | 79.68 | 2,587.20 | 1,360.35 | 1,226.85 |
| Area Totals: Exterior | | | | | | |
| **Total: Exterior** | | | 96.71 | 3,053.56 | 1,518.80 | 1,534.76 |

**Debris Removal**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| Below entry allocated for construction debris removal. | | | | | | |
| 17. Haul debris - per pickup truck load - including dump fees | 1.00 EA | 102.12 | 0.00 | 102.12 | | 102.12 |
| **Totals: Debris Removal** | | | 0.00 | 102.12 | 0.00 | 102.12 |

Date:   11/2/2014 8:39 AM

Page:

PAGE 33 OF 41

348-277660-15

**State Farm**

PARISH, NIKKIA                                                                                                    43-535Z-417

Labor Minimums Applied

| DESCRIPTION | QUANTITY UNIT | PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| * 18. Framing labor minimum | 1.00 EA | 26.60 | 0.00 | 26.60 | | 26.60 |
| * 19. Window labor minimum | 1.00 EA | 96.15 | 0.00 | 96.15 | | 96.15 |
| **Totals: Labor Minimums Applied** | | | 0.00 | 122.75 | 0.00 | 122.75 |
| Line Item Totals: 43-535Z-417 | | | 133.13 | 5,357.11 | 1,713.88 | 3,643.23 |

**Grand Total Areas:**

2,114.76  Exterior Wall Area

4,856.55  Surface Area              48.57  Number of Squares          1,096.02  Total Perimeter Length
183.30  Total Ridge Length

PAGE 34 OF 41

348-277660-15

## Trade Summary

Includes all applicable Tax, General Contractor O&P, and Labor Minimums

| DESCRIPTION | LINE ITEM QTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **CLN     CLEANING** | | | | | |
| Clean fencing - wood | 410.00 SF | $106.89 | $106.89 | $0.00 | $0.00 |
| TOTAL CLEANING | | $106.89 | $106.89 | $0.00 | $0.00 |
| **DMO     GENERAL DEMOLITION** | | | | | |
| Haul debris - per pickup truck load - including dump fees | 1.00 EA | $102.12 | $102.12 | $0.00 | $0.00 |
| Tree - removal and disposal - per hour including equipment | 2.00 HR | $134.64 | $134.64 | $0.00 | $0.00 |
| Tree - removal - per hour (Labor only) | 1.00 HR | $33.20 | $33.20 | $0.00 | $0.00 |
| TOTAL GENERAL DEMOLITION | | $269.96 | $269.96 | $0.00 | $0.00 |
| **FEN     FENCING** | | | | | |
| R&R Wood fence slat 5' - 6' high - treated | 6.00 EA | $35.08 | $35.08 | $0.00 | $0.00 |
| R&R Wood fence 5'- 6' high - treated | 64.00 LF | $1,540.44 | $513.49 | <$1,026.95> | $0.00 |
| TOTAL FENCING | | $1,575.52 | $548.57 | <$1,026.95> | $0.00 |
| **FRM     FRAMING & ROUGH CARPENTRY** | | | | | |
| 2" x 3" lumber (.5 BF per LF) | 8.00 LF | $15.34 | $15.34 | $0.00 | $0.00 |
| R&R 2" x 4" lumber (.667 BF per LF) - fence top cap | 64.00 LF | $158.21 | $149.77 | <$8.44> | $0.00 |
| Framing labor minimum | 1.00 EA | $26.60 | $26.60 | $0.00 | $0.00 |
| TOTAL FRAMING & ROUGH CARPENTRY | | $200.15 | $191.71 | <$8.44> | $0.00 |
| **PNT     PAINTING** | | | | | |
| Seal & paint - wood fence/gate | 922.00 SF | $731.24 | $406.28 | $0.00 | $324.96 |
| Prime & paint roof vent | 1.00 EA | $23.23 | $4.65 | $0.00 | $18.58 |
| TOTAL PAINTING | | $754.47 | $410.93 | $0.00 | $343.54 |
| **RFG     ROOFING** | | | | | |
| R&R Metal roofing | 315.00 SF | $1,683.38 | $1,571.15 | $0.00 | $112.23 |
| R&R Eave trim for metal roofing - 29 gauge | 20.83 LF | $97.88 | $91.35 | $0.00 | $6.53 |
| R&R Roof vent - turbine type | 1.00 EA | $106.35 | $48.61 | $0.00 | $57.74 |
| TOTAL ROOFING | | $1,887.61 | $1,711.11 | $0.00 | $176.50 |
| **SFG     SOFFIT, FASCIA, & GUTTER** | | | | | |
| R&R Gutter - aluminum - up to 5" | 75.33 LF | $372.89 | $223.74 | $0.00 | $149.15 |
| TOTAL SOFFIT, FASCIA, & GUTTER | | $372.89 | $223.74 | $0.00 | $149.15 |
| **WDR     WINDOW REGLAZING & REPAIR** | | | | | |

Note:  Slight variances may be found within report sections due to rounding

Date:     11/2/2014 8:39 AM

PAGE 35 OF 41

348-277660-15

## Trade Summary

Includes all applicable Tax, General Contractor O&P, and Labor Minimums

| DESCRIPTION | LINE ITEM QTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **WDR   WINDOW REGLAZING & REPAIR** | | | | | |
| Reglaze window, 1 - 9 sf | 1.00 EA | $65.57 | $65.57 | $0.00 | $0.00 |
| R&R Window screen, 1 - 9 SF | 1.00 EA | $27.90 | $18.60 | $0.00 | $9.30 |
| TOTAL WINDOW REGLAZING & REPAIR | | $93.47 | $84.17 | $0.00 | $9.30 |
| **WDW   WINDOWS - WOOD** | | | | | |
| Window labor minimum | 1.00 EA | $96.15 | $96.15 | $0.00 | $0.00 |
| TOTAL WINDOWS - WOOD | | $96.15 | $96.15 | $0.00 | $0.00 |
| **TOTALS** | | $5,357.11 | $3,643.23 | <$1,035.39> | $678.49 |

Note:  Slight variances may be found within report sections due to rounding

Date:    11/2/2014 8:39 AM

Main Level

348-277660-15



Tree fell on the carport metal roof

Carport

PAGE 37 OF 41

Main Level

Date:   11/2/2014 8:39 AM

348-277660-15

**State Farm**
Centralized Catastrophe Services
P.O. Box 2323
Bloomington, IL 61702-2323
Ph: 877-783-1200  Fax: 877-732-6556

| | | | |
|---|---|---|---|
| Insured: | PARISH, NIKKIA | Estimate: | 43-535Z-417 |
| Property: | 5709 Eisenhower Dr | Claim Number: | 43535Z417 |
| | Fort Worth, TX 76112-7706 | Policy Number: | 93-B3-Q028-5 |
| Home: | 817-507-3274 | Price List: | TXDF8X_NOV14 |
| Cellular: | 267-251-7155 | | Restoration/Service/Remodel |
| Type of Loss: | Wind Damage | | |
| Deductible: | $0.00 | | |
| Date of Loss: | 10/2/2014 | | |
| Date Inspected: | 11/2/2014 | | |

### Summary for Coverage B - Personal Property - 36 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 425.00 |
| Material Sales Tax | 18.56 |
| Replacement Cost Value | 443.56 |
| Less Depreciation (Including Taxes) | (101.48) |
| Less Deductible | (0.00) |
| Net Actual Cash Value Payment | $342.08 |

### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) | 101.48 | |
| Replacement Cost Benefits | | 101.48 |
| Total Maximum Additional Amount Available If Incurred | | 101.48 |
| Total Amount of Claim If Incurred | | $443.56 |

Letcher, Russell
866-787-8676 x 8170

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND
LIMITS OF YOUR POLICY.**

Important Information
Additional Payments May Be Available
Replacement Cost - Personal Property

Your policy may provide for additional payments on a replacement cost basis for some of your personal property items.

The personal property items must be repaired or replaced within a specified period of time in order to present a claim for additional payments on a replacement cost basis. Please refer to your policy for specific time limits and additional settlement provisions. Following repair or replacement, please submit your documentation to us referring to the claim number and item number.

PAGE 38 OF 41

348-277660-15

### State Farm

PARISH, NIKKIA                                                                                    43-535Z-417

If an insured replaces a lost or damaged item, replacement cost benefits may be paid. If the item has not been replaced, the claim will be paid based on actual cash value. Actual cash value (ACV) is calculated by determining the replacement cost (RC) of the item and then subtracting depreciation (ACV = RC - Depreciation). The amount of the depreciation is based on age, condition, quality, and use of the property at the time of the loss.

The item's effective age is used in calculating depreciation. If the item's condition is classified as normal use, then the effective age is the same as the actual age. If the heavy use or light use is selected for the item's condition, the effective age of the item is determined by adjusting the actual age by a factor of 1.4 for heavy use and .6 for light use. As a result, an item that is 10 years old with heavy use has an effective age of 14 years (10 years x 1.4). An item that is 10 years old with light use has an effective age of 6 years (10 years x .6).

Regardless of the age, if an item is useable for its intended purpose, depreciation does not exceed 80%. If the item is replaced within the time allowed by the policy, the depreciation previously deducted may be paid up to the amount spent to replace the item or the agreed upon replacement cost for that item, whichever is less. All the terms and conditions of the insurance policy apply.

If you have any questions regarding the amount of depreciation, or any other information in this report, please contact your claim handler.

PAGE 39 OF 41

348-277660-15

**State Farm**

PARISH, NIKKIA

43-535Z-417

43-535Z-417

| DESCRIPTION | QUANTITY | UNIT | PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1. Food Loss | 1.00 | EA | 200.00 | 0.00 | 200.00 | | 200.00 |
| 2. Patio Umbrella | 1.00 | EA | 225.00 | 18.56 | 243.56 | (101.48) | 142.08 |
| **Total: 43-535Z-417** | | | | 18.56 | 443.56 | 101.48 | 342.08 |
| **Line Item Totals: 43-535Z-417** | | | | 18.56 | 443.56 | 101.48 | 342.08 |

**Grand Total Areas:**

*PAGE 40 OF 41*

508  24A  933  0

58-1544/441

DALLAS, TEXAS

JPMorgan Chase Bank, N.A.
Columbus, OH

508  24A  933  0

CLAIM
NUMBER  43-5352-417   DATE
OF LOSS  10-2-14   NAME OF
INSURED  Parish   ISSUE
DATE  11-2-14

PAY TO THE
ORDER OF  Nikkia Parish

One Thousand Six Hundred Fifty Six Dollars + 31 cents ——— DOLLARS  $ 1,656.31

☐ STATE FARM GENERAL INSURANCE COMPANY
☐ STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS
☒ STATE FARM FIRE AND CASUALTY COMPANY
☐ STATE FARM LLOYDS
☐ STATE FARM FLORIDA INSURANCE COMPANY

AUTHORIZED SIGNATURE

AUTH. ID
6L6H

⑈085984938⑈  ⑆044415443⑈   693191199⑈

PAGE 41 OF 41