U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 2 2015
11:37 AM

CLERK, U.S. DISTRICT COURT
By _____
Deputy

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| NIKKIA PARISH | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:15-CV-339-A |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE McBRYDE:

NOW Comes Nikkia Parish, hereinafter referred to as "Plaintiff," complaining of State Farm Lloyds and hereby respectfully shows unto the Court and Jury as follows:

### I. THE PARTIES

Plaintiff, Nikkia Parish, is an individual and resident of Texas.

Defendant, State Farm Lloyds (hereinafter referred to as "Defendant" or "State Farm"), is on information and belief, a Texas domestic Lloyd's plan insurance company licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. Additionally, one or more of State Farm's "members" are citizens of Texas. State Farm has already made an appearance herein.

### II. JURISDICTION AND VENUE

Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds $75,000.

Venue is appropriate under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County, Texas.

### III. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### IV. FACTS

A.      Plaintiff is the owner of insurance Policy Number 93B3Q0285 issued by Defendant State Farm (hereinafter referred to as the "Policy").

B.      Plaintiff owned the insured property, which is specifically located at 5709 Eisenhower Drive, Fort Worth, Tarrant County, Texas 76112-7706 on October 2, 2014 (hereinafter referred to as the "Property").

C.      Defendant State Farm or its agent sold the Policy, insuring the Property, to Plaintiff.

D.      On or about October 2, 2014, a severe wind and hailstorm struck Fort Worth, Texas causing severe damage to Plaintiff's home.

E.      Plaintiff timely submitted a claim to Defendant against the Policy for roof damage and resulting water damage the Property sustained as a result of the wind and hailstorm.  Plaintiff asked that Defendant cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.      Defendant assigned claim number 43-535Z-417 to Plaintiff's claim.

G.      State Farm assigned adjuster Russell Letcher ("Letcher") to investigate Plaintiff's claim. Letcher acted as State Farm's agent in handling Plaintiff's claim.

H.      Letcher inspected Plaintiff's Property on November 2, 2014.  After inspecting the Property, he drafted a "Building Estimate."[1]  In the estimate, Letcher misrepresented that the only damage to Plaintiff's Property was minimal damage to the roof, gutters, one window and the fencing.[2] Letcher failed to conduct an interior inspection of Plaintiff's Property even though it was

---

[1] *See* Building Estimate, attached as Exhibit A.
[2] *Id.*

apparent from the wind and hail damage to the roof and from the broken window in an upstairs bedroom that interior water damage was expected.

I.      Relying upon Letcher's Final Report, State Farm determined that the damages caused by the wind and hailstorm were only $5,800.67.  On or about November 2, 2014, Letcher, acting as a State Farm claim representative, sent Plaintiff a letter with a payment amount of $1,656.31 in satisfaction of Plaintiff's claim.[3]  Letcher also admitted within the letter that he had not conducted an interior inspection of Plaintiff's home.[4]

J.      After State Farm wrongfully underpaid Plaintiff's claim, Plaintiff was forced to hire a public adjuster to assist him with her claim.  The public adjuster inspected the property on or about December 11, 2014 and found extensive roof damage and water damage to the interior of the Property caused by water intrusion from the roof.[5]  The public adjuster also found damage to the exterior of the Property, including damage to the air conditioner condenser fins, damage to three window screens, damage to fencing, and damage to the carport metal roofing of Plaintiff's home.[6]  The public adjuster estimated that the cost to repair Plaintiff's wind and hailstorm damages exceeded $48,000.00.[7]  This amount included replacement of the entire roof.

K.      After Plaintiff received the estimate for repairs, Plaintiff suffered further water intrusion into her home as a result of the roof damage caused by the wind and hailstorm and her inability to repair the roof due to State Farm's underpayment of her claim.  As a result, Plaintiff retained the undersigned counsel to assist her with her wind and hailstorm claim.

---

[3] *See* Letter dated November 2, 2014, attached as Exhibit B.
[4] *Id.*
[5] *See* The public adjuster's estimate, attached as Exhibit C.
[6] *Id.*
[7] *Id.*

L.      Without limitation, Letcher, acting on behalf of State Farm, misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[8] Letcher made these and other misrepresentations to Plaintiff as well as to Defendant, State Farm. Plaintiff and State Farm both relied on their misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Letcher misrepresentations caused State Farm to underpay Plaintiff on her insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to her property, which in turn has caused additional and further water damage to Plaintiff's property. Letcher also advised Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property. This advice was negligent and false because it turns out Plaintiff could not properly repair her Property and prevent future damage by following Letcher's advice. Plaintiff's Property has sustained further damages as a result.

M.      Defendant State Farm failed to properly adjust the claim and Defendant has underpaid the wind and hailstorm claim without ever performing an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

N.      Plaintiff's claim still remains underpaid and the Plaintiff still has not been able to properly repair the Property.

O.      These false representations allowed Defendant State Farm, to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

P.      Defendant State Farm failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant State Farm failed and refused to pay

---

[8] *See* Exhibit A (misrepresenting the damages attributable to the wind and hailstorm were only $5,800.67).

adequate proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant State Farm's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

Q.   Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

R.   Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

S.   Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

T.   Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a

violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

U.    Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

V.    Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

W.    Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for her claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

X.    From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Y.    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

Z.     Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## V. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendant did not request from Plaintiff any items,

statements, and forms that it reasonably believed at that time would be required from Plaintiff for his claim. As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined that Defendant owes Plaintiff any additional monies on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

## C. DTPA Cause of Action

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its misrepresentations regarding coverage under Plaintiff's Policy; (2) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (3) its failure to give Plaintiff the benefit of the doubt, and (4) its failure to pay for the repair of Plaintiff's home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiff that his insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA. Namely, Defendant represented that Plaintiff's Policy covered damage caused by a wind and hailstorm; yet

Defendant's agent, Letcher, never properly inspected Plaintiff's property to determine the amount to repair the wind and hailstorm damages.

As described in this petition, Defendant represented to Plaintiff that his insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA.  Namely, Defendant represented that it would adjust his claim fairly and in good faith; yet, Defendant's agent, Letcher did not even bother to inspect the interior of the Property even though interior damage was probable due to the extensive wind and hailstorm damage to the roof.

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendant represented to Plaintiff that his insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendant has breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendant's actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## D. Cause of Action for Unfair Insurance Practices

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

    A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case.

B.     Engaging in unfair claims settlement practices;

C.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.     Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.     Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

More specifically:   (1) Defendant and its agent underpaid Plaintiff's claim for wind and hailstorm damage; (2) Defendant misrepresented to Plaintiff that it conducted a complete and reasonable investigation of his claim, yet Letcher failed to find obvious interior water damage and exterior damage to Plaintiff's Property due to the wind and hailstorm; (3) After additional covered damages were found at Plaintiff's Property, Defendant did not have an adjuster return to Plaintiff's Property to properly scope the extent of damage and create an estimate of repairs.

Defendant also breached the Texas Insurance Code when Defendant breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

## E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By Defendant's acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay adequate damages on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this underpayment. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## VI. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant have caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of his claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks only monetary relief over $100,000.00 but not more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## VIII. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## IX. EXEMPLARY DAMAGES

Defendant's above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI. JURY DEMAND

Plaintiff asserts his right to a trial by jury.

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

By: _____
JACEY L. HORNECKER
Texas State Bar No. 24085383
jacey@speightsfirm.com

**SPEIGHTS AND WORRICH**
3838 Oak Lawn Avenue, Suite 1000
Dallas, Texas 75219
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the _2nd_ day of July 2015, a true and correct copy of the above and foregoing was served to all counsel of record in accordance with the Federal Rules of Civil Procedure:

***Via Facsimile and CMRRR***
Rhonda J. Thompson
R. Tate Gorman
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201

_____
JACEY L. HORNECKER

43-535Z-417

Clement

PARISH, NIKKIA

 StateFarm

**State Farm**
**P.O. Box 2323**
**Bloomington, IL 61702-2323**
**Fax: 1-877-732-6556**

# Structural Damage Claim Policy

When you have a covered structural damage claim to your real property, you should know:

We want you to receive quality repair work to restore the damages to your property.

- We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

- Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

- There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning repairs.

- State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

- State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.

Date:   11/2/2014 8:42 AM

132214.1  06-18-2009   Page: 1

**EXHIBIT**
**A**
tabbies

43-5352-417

# Building Estimate Summary Guide

**State Farm**

### This summary guide is based on a sample estimate and is provided for reference only.
### Please refer to the estimate for specifics of your claim.

---

#### State Farm Insurance

| | | | |
|---|---|---|---|
| Insured: | Smith, Joe & Jane | Estimate: | 00-0000-000 |
| Property: | 1 Main Street | Claim number: | 00-0000-000 |
| | Anywhere, IL 00000-0000 | Policy Number: | 00-00-0000-0 |
| Type of Loss: | Other | Price List: | ILBL8F_MAR 13 |
| Deductible: | $1,000.00 | | Restoration/Service/ Remodel |
| | | | F = Factored In, |
| | | | D = Do Not Apply |

### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total [1] | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead [2] | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10.0% x 6,105.10 | |
| Replacement Cost Value (Including General Contractor Overhead and Profit) [3] | | | 7,326.12 |
| Less Depreciation (Including Taxes) [4] | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & | | | |
| Non - recoverable Depreciation | | | (166.50) |
| Less Deductible [5] | | | |
| Net Actual Cash Value Payment [6] | | | _____ |

### Maximum Additional Amounts Available if Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) [4] | 832.50 | |
| Less Non - recoverable Depreciation (Including Taxes) [7] | _____ | |
| Subtotal | | 312.50 |
| General Contractor O&P on Depreciation | 166.50 | |
| Less General Contractor O&P on Non - recoverable Depreciation | | |
| Subtotal | | _____ |
| Total Maximum Additional Amounts Available If Incurred [8] | | _____ |
| Total Amount of Claim if Incurred [9] | | _____ |

_____
Claim Representative

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

---

1. **Line Item Total** – Total value of all line items in the estimate plus possible adjustments for *labor minimums*. *Labor Minimum* is to cover a certain minimum number of hours for drive-time, set up time and applicable administrative costs and repairs.

2. **General Contractor's Overhead and Profit** – General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV)** – Estimated cost to repair or replace damaged property.

4. **Depreciation** – The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible** – The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV)** – The repair or replacement cost of the damaged part of the property less *depreciation* and *deductible*.

7. **Non Recoverable Depreciation** – *Depreciation* applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount if Incurred** – Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim if Incurred** – Total amount of the claim, including *net actual cash value payment and total maximum additional amount available if incurred.*

**State Farm**

43-535Z-417

PARISH, NIKKIA

| | | | |
|---|---|---|---|
| Insured: | PARISH, NIKKIA | Estimate: | 43-535Z-417 |
| Property: | 5709 Eisenhower Dr | Claim Number: | 43535Z417 |
| | Fort Worth, TX 76112-7706 | Policy Number: | 93-B3-Q028-5 |
| Home: | (817) 507-3274 | Price List: | TXDF28_OCT14 |
| Cellular: | (267) 251-7155 | | Restoration/Service/Remodel |
| Type of Loss: | Wind Damage | | |
| Deductible: | $2,329.00 | | |
| Date of Loss: | 10/2/2014 | | |
| Date Inspected: | 11/2/2014 | | |

## Summary for Coverage A - Dwelling - 35 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 5,223.98 |
| Material Sales Tax | 124.64 |
| Cleaning Mtl Tax | 0.34 |
| Subtotal | 5,348.96 |
| Cleaning Sales Tax | 8.15 |
| Replacement Cost Value | 5,357.11 |
| Less Depreciation (Including Taxes) | (1,713.88) |
| Less Deductible | (2,329.00) |
| Net Actual Cash Value Payment | $1,314.23 |

## Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) | 1,713.88 | |
| Less Non-recoverable Depreciation (Including Taxes) | <1,035.39> | |
| Subtotal | 678.49 | |
| Replacement Cost Benefits | | 678.49 |
| Total Maximum Additional Amount Available If Incurred | | 678.49 |
| Total Amount of Claim If Incurred | | $1,992.72 |

Russell Letcher
(866) 787-8676 x 4317

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

Date:   11/2/2014 8:42 AM

## Explanation of Building Replacement Cost Benefits
## Rental Dwelling - RC Policy
## Coverage A - Dwelling - 35 Windstorm and Hail

To:  Name:      PARISH, NIKKIA
      Address:    5709 Eisenhower Dr
      City:       Fort Worth
      State/Zip:  TX, 76112-7706

Insured:      PARISH, NIKKIA          Claim Number:  43535Z417
Date of Loss:   10/2/2014             Cause of Loss:  WIND

Your insurance policy provides replacement cost coverage for some or all of the loss or damage to your dwelling or structures. Replacement cost coverage pays the actual and necessary cost of repair or replacement, without a deduction for depreciation, subject to your policy's limit of liability. To receive replacement cost benefits you must:

1. Complete the actual repair or replacement of the damaged part of the property.
2. Confirm completion of repair or replacement, by submitting invoices, receipts or other documentation to your agent or claim office.
3. Notify us within 30 days after the work has been completed.

Carpeting, domestic appliances, awnings and outdoor antennas, whether or not attached to buildings, and other structures (except fences) that are not buildings under Dwelling Extensions not repaired or replaced within two years after the loss will be settled on an actual cash value basis.

Until these requirements have been satisfied, our payment(s) to you will be for the actual cash value of the damaged part of the property, which may include a deduction for depreciation.

Without waiving the above requirements, we will consider paying replacement cost benefits prior to actual repair or replacement if we determine repair or replacement costs will be incurred because repairs are substantially under way or you present a signed contract acceptable to us.

The estimate to repair or replace your damaged property is $5,357.11. The enclosed claim payment to you of $1,314.23 is for the actual cash value of the damaged property at the time of loss, less any deductible that may apply. We determined the actual cash value by deducting depreciation from the estimated repair or replacement cost. Our estimate details the depreciation applied to your loss. Based on our estimate, the additional amount available to you for replacement cost benefits (recoverable depreciation) is $678.49.

If you cannot have the repairs completed for the repair/replacement cost estimated, please contact your claim representative prior to beginning repairs.

All policy provisions apply to your claim

State Farm

43-535Z-417

PARISH, NIKKIA

SKETCH1

**Tree Removal**

|  |  |  |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall |  | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY UNIT | PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| Tree removal off the fence and carport | | | | | | |
| 1. Tree - removal and disposal - per hour including equipment | 2.00 HR | 67.32 | 0.00 | 134.64 | | 134.64 |
| Tree debris haul off | | | | | | |
| 2. Tree - removal - per hour (Labor only) | 1.00 HR | 33.20 | 0.00 | 33.20 | | 33.20 |
| Totals: Tree Removal | | | 0.00 | 167.84 | 0.00 | 167.84 |

Main Level



**House Roof**

|  |  |
|---|---|
| 4,226.55 Surface Area | 42.27 Number of Squares |
| 446.01 Total Perimeter Length | 93.30 Total Ridge Length |

| DESCRIPTION | QUANTITY UNIT | PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| No wind or storm damage observed to the laminate shingle roof based upon the site inspection | | | | | | |
| Below entry allocated to replace the hail damaged turbine vent | | | | | | |
| 3. R&R Roof vent - turbine type | 1.00 EA | 101.71 | 4.64 | 106.35 | (57.74) | 48.61 |
| 4. Prime & paint roof vent | 1.00 EA | 22.73 | 0.50 | 23.23 | (18.58) | 4.65 |
| Totals: House Roof | | | 5.14 | 129.58 | 76.32 | 53.26 |

Page: 5

Date:   11/2/2014 8:39 AM

**State Farm**

43-535Z-417

PARISH, NIKKIA



**Carport**

630.00 Surface Area
102.00 Total Perimeter Length

6.30 Number of Squares
90.00 Total Ridge Length

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 5. R&R Metal roofing | 315.00 SF | 5.25 | 29.63 | 1,683.38 | (112.23) | 1,571.15 |
| 6. R&R Eave trim for metal roofing - 29 gauge | 20.83 LF | 4.62 | 1.65 | 97.88 | (6.53) | 91.35 |
| | | | 31.28 | 1,781.26 | 118.76 | 1,662.50 |

**Totals: Carport**

Area Totals: Main Level
    2,114.76 Exterior Wall Area
    4,856.55 Surface Area      48.57 Number of Squares      1,096.02 Total Perimeter Length
    183.30 Total Ridge Length

| | | | 36.42 | 1,910.84 | 195.08 | 1,715.76 |
|---|---|---|---|---|---|---|

**Total: Main Level**

Area Totals: SKETCH1
    2,114.76 Exterior Wall Area
    4,856.55 Surface Area      48.57 Number of Squares      1,096.02 Total Perimeter Length
    183.30 Total Ridge Length

| | | | 36.42 | 2,078.68 | 195.08 | 1,883.60 |
|---|---|---|---|---|---|---|

**Total: SKETCH1**

**Exterior**

**Front Elevation**

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| No wind or storm damage observed based upon the site inspection | | | | | | |
| | | | 0.00 | 0.00 | 0.00 | 0.00 |

**Totals: Front Elevation**

**Right Elevation**

    0.00 SF Walls      0.00 SF Ceiling      0.00 SF Walls & Ceiling

Page: 6

Date:   11/2/2014 8:39 AM

**State Farm**

43-535Z-417

PARISH, NIKKIA

| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| * 7. R&R Gutter - aluminum - up to 5" | 75.33 LF | 4.79 | 12.06 | 372.89 | (149.15) | 223.74 |

| | | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| **Totals: Right Elevation** | | | 12.06 | 372.89 | 149.15 | 223.74 |

**Left Elevation**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|

No wind or storm damage observed based upon the site inspection

| | | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| **Totals: Left Elevation** | | | 0.00 | 0.00 | 0.00 | 0.00 |

**Rear Elevation**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 8. Reglaze window, 1 - 9 sf | 1.00 EA | 62.31 | 3.26 | 65.57 | | 65.57 |
| 9. R&R Window screen, 1 - 9 SF | 1.00 EA | 26.19 | 1.71 | 27.90 | (9.30) | 18.60 |

| | | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| **Totals: Rear Elevation** | | | 4.97 | 93.47 | 9.30 | 84.17 |

**Fence**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|

Left side yard fence.
Note: non-recoverable depreciation applied to replacement of the left run of fencing per policy provisions

Page: 7

Date:   11/2/2014 8:39 AM

State Farm

PARISH, NIKKIA

43-535Z-417

CONTINUED - Fence

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 10. R&R Wood fence 5'- 6' high - treated | 64.00 LF | 23.35 | 46.04 | 1,540.44 | <1,026.95> | 513.49 |
| * 11. R&R 2" x 4" lumber (.667 BF per LF) - fence top cap | 64.00 LF | 2.43 | 2.69 | 158.21 | <8.44> | 149.77 |
| 12. Seal & paint - wood fence/gate | 512.00 SF | 0.77 | 11.83 | 406.07 | (216.57) | 189.50 |
| **Wood fence around the back patio** | | | | | | |
| 13. R&R Wood fence slat 5' - 6' high - treated | 6.00 EA | 5.69 | 0.94 | 35.08 | | 35.08 |
| 14. 2" x 3" lumber (.5 BF per LF) | 8.00 LF | 1.89 | 0.22 | 15.34 | | 15.34 |
| * 15. Clean fencing - wood | 410.00 SF | 0.24 | 8.49 | 106.89 | | 106.89 |
| 16. Seal & paint - wood fence/gate | 410.00 SF | 0.77 | 9.47 | 325.17 | (108.39) | 216.78 |
| **Totals: Fence** | | | 79.68 | 2,587.20 | 1,360.35 | 1,226.85 |

Area Totals: Exterior

| | | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| **Total: Exterior** | | | 96.71 | 3,053.56 | 1,518.80 | 1,534.76 |

Debris Removal

| | | |
|---|---|---|
| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| Below entry allocated for construction debris removal. | | | | | | |
| 17. Haul debris - per pickup truck load - including dump fees | 1.00 EA | 102.12 | 0.00 | 102.12 | | 102.12 |
| **Totals: Debris Removal** | | | 0.00 | 102.12 | 0.00 | 102.12 |

Page: 8

Date:   11/2/2014 8:39 AM

State Farm

PARISH, NIKKIA

43-535Z-417

Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| * 18. Framing labor minimum | 1.00 EA | 26.60 | 0.00 | 26.60 | | 26.60 |
| * 19. Window labor minimum | 1.00 EA | 96.15 | 0.00 | 96.15 | | 96.15 |
| Totals: Labor Minimums Applied | | | 0.00 | 122.75 | 0.00 | 122.75 |
| Line Item Totals: 43-535Z-417 | | | 133.13 | 5,357.11 | 1,713.88 | 3,643.23 |

**Grand Total Areas:**

2,114.76  Exterior Wall Area

4,856.55  Surface Area          48.57  Number of Squares          1,096.02  Total Perimeter Length
183.30  Total Ridge Length

Date:   11/2/2014 8:39 AM

Page: 9

## Trade Summary

Includes all applicable Tax, General Contractor O&P, and Labor Minimums

| DESCRIPTION | LINE ITEM QTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **CLN      CLEANING** | | | | | |
| Clean fencing - wood | 410.00 SF | $106.89 | $106.89 | $0.00 | $0.00 |
| **TOTAL CLEANING** | | **$106.89** | **$106.89** | **$0.00** | **$0.00** |
| **DMO      GENERAL DEMOLITION** | | | | | |
| Haul debris - per pickup truck load - including dump fees | 1.00 EA | $102.12 | $102.12 | $0.00 | $0.00 |
| Tree - removal and disposal - per hour including equipment | 2.00 HR | $134.64 | $134.64 | $0.00 | $0.00 |
| Tree - removal - per hour (Labor only) | 1.00 HR | $33.20 | $33.20 | $0.00 | $0.00 |
| **TOTAL GENERAL DEMOLITION** | | **$269.96** | **$269.96** | **$0.00** | **$0.00** |
| **FEN      FENCING** | | | | | |
| R&R Wood fence slat 5' - 6' high - treated | 6.00 EA | $35.08 | $35.08 | $0.00 | $0.00 |
| R&R Wood fence 5'- 6' high - treated | 64.00 LF | $1,540.44 | $513.49 | <$1,026.95> | $0.00 |
| **TOTAL FENCING** | | **$1,575.52** | **$548.57** | **<$1,026.95>** | **$0.00** |
| **FRM      FRAMING & ROUGH CARPENTRY** | | | | | |
| 2" x 3" lumber (.5 BF per LF) | 8.00 LF | $15.34 | $15.34 | $0.00 | $0.00 |
| R&R 2" x 4" lumber (.667 BF per LF) - fence top cap | 64.00 LF | $158.21 | $149.77 | <$8.44> | $0.00 |
| Framing labor minimum | 1.00 EA | $26.60 | $26.60 | $0.00 | $0.00 |
| **TOTAL FRAMING & ROUGH CARPENTRY** | | **$200.15** | **$191.71** | **<$8.44>** | **$0.00** |
| **PNT      PAINTING** | | | | | |
| Seal & paint - wood fence/gate | 922.00 SF | $731.24 | $406.28 | $0.00 | $324.96 |
| Prime & paint roof vent | 1.00 EA | $23.23 | $4.65 | $0.00 | $18.58 |
| **TOTAL PAINTING** | | **$754.47** | **$410.93** | **$0.00** | **$343.54** |
| **RFG      ROOFING** | | | | | |
| R&R Metal roofing | 315.00 SF | $1,683.38 | $1,571.15 | $0.00 | $112.23 |
| R&R Eave trim for metal roofing - 29 gauge | 20.83 LF | $97.88 | $91.35 | $0.00 | $6.53 |
| R&R Roof vent - turbine type | 1.00 EA | $106.35 | $48.61 | $0.00 | $57.74 |
| **TOTAL ROOFING** | | **$1,887.61** | **$1,711.11** | **$0.00** | **$176.50** |
| **SFG      SOFFIT, FASCIA, & GUTTER** | | | | | |
| R&R Gutter - aluminum - up to 5" | 75.33 LF | $372.89 | $223.74 | $0.00 | $149.15 |
| **TOTAL SOFFIT, FASCIA, & GUTTER** | | **$372.89** | **$223.74** | **$0.00** | **$149.15** |
| **WDR      WINDOW REGLAZING & REPAIR** | | | | | |

Note:  Slight variances may be found within report sections due to rounding

Date:    11/2/2014 8:39 AM

## Trade Summary

Includes all applicable Tax, General Contractor O&P, and Labor Minimums

| DESCRIPTION | LINE ITEM QTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **WDR     WINDOW REGLAZING & REPAIR** | | | | | |
| Reglaze window, 1 - 9 sf | 1.00 EA | $65.57 | $65.57 | $0.00 | $0.00 |
| R&R Window screen, 1 - 9 SF | 1.00 EA | $27.90 | $18.60 | $0.00 | $9.30 |
| TOTAL WINDOW REGLAZING & REPAIR | | $93.47 | $84.17 | $0.00 | $9.30 |
| **WDW     WINDOWS - WOOD** | | | | | |
| Window labor minimum | 1.00 EA | $96.15 | $96.15 | $0.00 | $0.00 |
| TOTAL WINDOWS - WOOD | | $96.15 | $96.15 | $0.00 | $0.00 |
| TOTALS | | $5,357.11 | $3,643.23 | <$1,035.39> | $678.49 |

Note:  Slight variances may be found within report sections due to rounding

Date:     11/2/2014 8:39 AM

Main Level



House Roof

R3 (6)

R5 (2)

R9 (3)

R6 (7)

R7 (4)

R8 (8)

R4 (5)

R2 (1)

Tree fell on the carport metal roof

Carport



**State Farm**

Centralized Catastrophe Services

**P.O. Box 2323**

Bloomington, IL 61702-2323

Ph: 877-783-1200  Fax: 877-732-6556

| | | | |
|---|---|---|---|
| Insured: | PARISH, NIKKIA | Estimate: | 43-535Z-417 |
| Property: | 5709 Eisenhower Dr | Claim Number: | 43535Z417 |
| | Fort Worth, TX 76112-7706 | Policy Number: | 93-B3-Q028-5 |
| Home: | 817-507-3274 | Price List: | TXDF8X_NOV14 |
| Cellular: | 267-251-7155 | | Restoration/Service/Remodel |
| Type of Loss: | Wind Damage | | |
| Deductible: | $0.00 | | |
| Date of Loss: | 10/2/2014 | | |
| Date Inspected: | 11/2/2014 | | |

## Summary for Coverage B - Personal Property - 36 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 425.00 |
| Material Sales Tax | 18.56 |
| | 443.56 |
| Replacement Cost Value | (101.48) |
| Less Depreciation (Including Taxes) | (0.00) |
| Less Deductible | |
| | $342.08 |
| Net Actual Cash Value Payment | |

### Maximum Additional Amounts Available If Incurred:

| | |
|---|---|
| Total Line Item Depreciation (Including Taxes) | 101.48 |
| Replacement Cost Benefits | 101.48 |
| Total Maximum Additional Amount Available if Incurred | 101.48 |
| Total Amount of Claim If Incurred | $443.56 |

Letcher, Russell

866-787-8676 x 8170

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

Important Information

Additional Payments May Be Available

Replacement Cost - Personal Property

Your policy may provide for additional payments on a replacement cost basis for some of your personal property items.

The personal property items must be repaired or replaced within a specified period of time in order to present a claim for additional payments on a replacement cost basis. Please refer to your policy for specific time limits and additional settlement provisions. Following repair or replacement, please submit your documentation to us referring to the claim number and item number.

Page: 1

Date:    11/2/2014 8:32 AM

**State Farm**

PARISH, NIKKIA                                                                                      43-535Z-417

If an insured replaces a lost or damaged item, replacement cost benefits may be paid. If the item has not been replaced, the claim will be paid based on actual cash value. Actual cash value (ACV) is calculated by determining the replacement cost (RC) of the item and then subtracting depreciation (ACV = RC - Depreciation). The amount of the depreciation is based on age, condition, quality, and use of the property at the time of the loss.

The item's effective age is used in calculating depreciation. If the item's condition is classified as normal use, then the effective age is the same as the actual age. If the heavy use or light use is selected for the item's condition, the effective age of the item is determined by adjusting the actual age by a factor of 1.4 for heavy use and .6 for light use. As a result, an item that is 10 years old with heavy use has an effective age of 14 years (10 years x 1.4). An item that is 10 years old with light use has an effective age of 6 years (10 years x .6).

Regardless of the age, if an item is useable for its intended purpose, depreciation does not exceed 80%. If the item is replaced within the time allowed by the policy, the depreciation previously deducted may be paid up to the amount spent to replace the item or the agreed upon replacement cost for that item, whichever is less. All the terms and conditions of the insurance policy apply.

If you have any questions regarding the amount of depreciation, or any other information in this report, please contact your claim handler.

**State Farm**

PARISH, NIKKIA                                                                      43-535Z-417

43-535Z-417

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 1. Food Loss | 1.00 EA | 200.00 | 0.00 | 200.00 | | 200.00 |
| 2. Patio Umbrella | 1.00 EA | 225.00 | 18.56 | 243.56 | (101.48) | 142.08 |
| **Total: 43-535Z-417** | | | 18.56 | 443.56 | 101.48 | 342.08 |
| Line Item Totals: 43-535Z-417 | | | 18.56 | 443.56 | 101.48 | 342.08 |

Grand Total Areas:

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm®**

November 02, 2014

Nikkia Parish
PO Box 51519
Fort Worth TX  76105-8519

**State Farm Claims**
P.O. Box 2323
Bloomington IL 61702-2323

RE:   Claim Number:      43-535Z-417
      Policy Number:      93B3Q0285
      Date of Loss:         October 02, 2014

Dear Ms. Parish:

Thank you for the opportunity to inspect your loss at the above address on November 2, 2014.

State Farm® agrees there is covered damage caused by wind to the areas which we have itemized in our estimate. Please note, the claim adjustment for these covered damages reflects the applicable policy deductible.

Our adjustment reflects these covered damages as indicated below.

**Building:**

| | |
|---|---|
| State Farm Estimate | $5,357.11 |
| Less Depreciation | $678.49 |
| Less Non-recoverable depreciation | $1,035.39 |

**Contents:**

| | |
|---|---|
| Summary for Coverage B – Personal Property | $443.56 |
| Less depreciation | $101.48 |
| Less Deductible: | $2,329.00 |
| **Total Payable** | $1,656.31 |

Therefore, payment of $1,656.31 was issued on November 2, 2014 at the time of our inspection.

Furthermore, we observed additional damage not caused by wind. State Farm denies coverage for damage to shingles and other exterior roofing components, except those covered damages identified in our estimate, because such other damage is excluded by the following policy provisions. We call your attention to the applicable portion of your policy:

**SECTION I - LOSSES NOT INSURED**



EXHIBIT
**B**

43-535Z-417
Page 2
November 02, 2014

1.   We do not insure for any loss to the property described in Coverage A which
consists of, or is directly and immediately caused by, one or more of the perils
listed in item a. through n. below, regardless of whether the loss occurs suddenly
or gradually, involves isolated or widespread damage, arises from natural or
external forces or occurs as a result of any combination of these:

g.   wear, tear, marring, scratching, deterioration, inherent vice, latent defect
or mechanical breakdown.

i.   wet or dry rot.

State Farm also observed that there are a number of composition shingles that do not have any
damage. The policy insures for accidental direct physical loss. Please refer to the following
applicable part of your policy:

## SECTION I - LOSSES INSURED

### COVERAGE A - DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except
as provided in **SECTION I - LOSSES NOT INSURED.**

There is no coverage for the replacement of the undamaged shingles since there is no
accidental direct physical loss.

While State Farm has inspected your residence, an inspection of the interior of your home did
not occur. You advised that there was no interior damage in your home and, thus, no reason for
State Farm to inspect the interior. If you become aware of interior damage you believe may
relate to this loss, or would want State Farm to inspect the interior of your home, please contact
me as soon as possible to schedule an inspection.

Because we value you as a policyholder and appreciate your business, we want to ensure you
understand the coverage decision.

If you have any additional information that has not been previously considered, or desire any
additional explanation, please contact us.

Sincerely,

Russell J Letcher
Independent Adjuster
(866) 787-8676 Ext. 4317

State Farm Lloyds

## Ray Biggs

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

|                    |                           |                |
|--------------------|---------------------------|----------------|
| Client:            | Nikkia Parish             |                |
| Property:          | 5709 Eisenhower DR        |                |
|                    | Fort Worth, TX 76112-7706 |                |

|                    |                           |                |
|--------------------|---------------------------|----------------|
| Type of Estimate:  | Wind and Hail             |                |
| Date Entered:      | 12/9/2014                 | Date Assigned: |

|                    |                              |
|--------------------|------------------------------|
| Price List:        | TXDF8X_DEC14                 |
| Labor Efficiency:  | Restoration/Service/Remodel  |
| Estimate:          | 43535Z417                    |



**Ray Biggs**

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

43535Z417

Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Roofing Items | | | | | | | |
| 1. Remove Laminated - comp. shingle rfg. - w/out felt | 43.82 SQ | 41.71 | 0.00 | 383.82 | 2,211.55 | (0.00) | 2,211.55 |

Includes: Dump fees, hauling, disposal, and labor to remove composition shingles.
Note: If additional layers are to be removed and disposed of, use additional item RFG ADDRMV.  Removal cost is based on hauling done with contractor's own equipment.  If haul off is to be estimated separately or if the removal is being estimated with a dumpster (DMO DUMP*) or other equipment, use item RFG ARMVN.
No life expectancy data

This line item does not account for removal of any other components other than listed above. To assume so would be a false assumption.

This line item does not allow for job site cleanup and as such should be addressed elsewhere in the estimate.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2. Remove Starter & Ridge* | 2.60 SQ | 40.19 | 0.00 | 21.94 | 126.43 | (0.00) | 126.43 |
| 3. (Install) Remove Roofing felt - 30 lb.* | 43.82 SQ | 15.45 | 0.00 | 142.17 | 819.19 | (0.00) | 819.19 |

The felt must be removed to properly inspect the roof deck.

RFG 220S remove - Includes: Dump fees, hauling, disposal, and labor to remove composition shingles.

If one is to assume the pricing listed in Xactimate is correct for the market and the pricing listed for RFG220S is correct it could also be assumed that the definition listed for the line item is true. The definition listed above is clear as it states "labor to remove composition shingles". By definition an additional line item is required to remove the felt underlayment.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 4. Laminated - comp. shingle rfg. - w/out felt | 48.33 SQ | 171.28 | 362.60 | 1,814.53 | 10,455.09 | (0.00) | 10,455.09 |

Additional line items for starter shingle and ridge shingle are added to more accurately account for the exact amount of material required to complete the job.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 5. Roofing felt - 30 lb. | 48.00 SQ | 26.08 | 39.16 | 271.11 | 1,562.11 | (0.00) | 1,562.11 |
| 6. Remove Drip edge | 0.24 | 0.00 | 20.52 | 118.20 | (0.00) | 118.20 |

Includes: Labor cost to remove drip edge and to discard in a job-site waste receptacle for disposal.

This line item is clearly not included in the removal charges of the shingles, it also requires a job-site waste receptacle for disposal.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 7. Drip edge | 430.00 LF | 1.61 | 21.29 | 149.85 | 863.44 | (0.00) | 863.44 |

5% Waste included. Material can only be purchased in 10' lengths.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8. Seal & paint trim - two coats | 407.00 LF | 0.97 | 3.36 | 83.62 | 481.77 | (0.00) | 481.77 |

Drip edge and fascia painted together.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 9. Prime & paint exterior fascia - wood, 4"-6" wide | 407.00 LF | 1.14 | 4.70 | 98.43 | 567.11 | (0.00) | 567.11 |
| 10. (Install) Remove Step flashing* | 40.00 LF | 5.18 | 0.00 | 43.51 | 250.71 | (0.00) | 250.71 |

This line item is clearly not included in the removal charges of the shingles, it also requires a job-site waste receptacle for disposal.

R907.5 Reinstallation of materials.
Existing vent flashing, metal edgings, drain outlets, collars and metal counterflashings shall not be reinstalled where rusted, damaged or deteriorated.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11. Step flashing | 40.00 LF | 6.98 | 5.51 | 59.79 | 344.50 | (0.00) | 344.50 |
| 12. R&R Flashing, 14" wide | 24.00 LF | 3.26 | 2.34 | 16.92 | 97.50 | (0.00) | 97.50 |

**Ray Biggs**

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

**CONTINUED - Roof**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Includes: Flashing and installation labor.  Labor cost to remove metal flashing and to discard in a job-site waste receptacle.<br>Quality: 14" wide, 28 gauge galvanized steel.<br>Green: Flashings, as well as all metals, are considered green by LEED due to their being manufactured from at least 25% recycled material.<br>Average life expectancy 35 years<br>Average depreciation 2.86% per year<br>Maximum depreciation 100% | | | | | | | |
| This line item is clearly not included in the removal charges of the shingles, it also requires a job-site waste receptacle for disposal. | | | | | | | |
| R907.5 Reinstallation of materials.<br>Existing vent flashing, metal edgings, drain outlets, collars and metal counterflashings shall not be reinstalled where rusted, damaged or deteriorated. | | | | | | | |
| 13.  Ridge cap - composition shingles | 75.92 LF | 3.71 | 5.83 | 60.37 | 347.86 | (0.00) | 347.86 |
| 5% Waste included. | | | | | | | |
| 14.  Caulking - silicone | 109.55 LF | 3.12 | 1.36 | 72.07 | 415.23 | (0.00) | 415.23 |
| Used to hand seal in areas that require it (around vents, penetration points, flashings, etc.) | | | | | | | |
| 15.  Asphalt starter - peel and stick | 427.35 LF | 1.60 | 21.51 | 148.11 | 853.38 | (0.00) | 853.38 |
| Starter is required per IRC R905.2.1 and per manufacturer specs R904 (and to allow for any manufacturer warranty). Manufacturer specs require starter for the minimum wind rating and basic manufacturer warranty. 5% Waste included. | | | | | | | |
| 16.  Roof Sheathing inspection and re-nail where needed* | 4,382.00 SF | 0.16 | 3.62 | 147.99 | 852.73 | (0.00) | 852.73 |
| Roof sheathing must be properly secured to framing members and such installation must be in compliance with Table R602.3.1 | | | | | | | |
| 17.  R&R Roof vent - turbine type | 1.00 EA | 109.33 | 4.64 | 23.93 | 137.90 | | 137.90 |
| Includes: Turbine roof vent and installation labor.  Labor cost to remove a roof vent and to discard in a job-site waste receptacle. | | | | | | | |
| This line item is clearly not included in the removal charges of the shingles, it also requires a job-site waste receptacle for disposal. | | | | | | | |
| 18.  Detach & Reset Power attic vent cover only - metal | 2.00 EA | 37.92 | 0.00 | 15.92 | 91.76 | (0.00) | 91.76 |
| 19.  R&R Flashing - pipe jack - lead | 7.00 EA | 61.26 | 19.77 | 94.21 | 542.80 | (0.00) | 542.80 |
| Includes: Lead roof jack and installation labor.  Labor cost to remove pipe jack and to discard in a job-site waste receptacle. | | | | | | | |
| This line item is clearly not included in the removal charges of the shingles, it also requires a job-site waste receptacle for disposal. | | | | | | | |
| 20.  Prime & paint roof jack | 7.00 EA | 24.64 | 3.62 | 36.98 | 213.08 | (0.00) | 213.08 |
| 21.  R&R Chimney flashing - average (32" x 36") | 1.00 EA | 262.81 | 4.59 | 56.16 | 323.56 | (0.00) | 323.56 |
| Includes: All sheetmetal flashing (base flashing, step flashing, counterflashing), nails, roofing cement, and installation labor.  Labor cost to remove chimney flashing and to discard in a job-site waste receptacle. | | | | | | | |
| This line item is clearly not included in the removal charges of the shingles, it also requires a job-site waste receptacle for disposal. | | | | | | | |
| R907.5 Reinstallation of materials.<br>Existing vent flashing, metal edgings, drain outlets, collars and metal counterflashings shall not be reinstalled where rusted, damaged or deteriorated. | | | | | | | |
| 22.  R&R Skylight flashing kit - dome | 1.00 EA | 72.81 | 4.21 | 16.17 | 93.19 | (0.00) | 93.19 |
| 23.  Meter mast for overhead power - Detach & reset | 1.00 EA | 516.06 | 0.00 | 108.38 | 624.44 | (0.00) | 624.44 |

**Ray Biggs**

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

### CONTINUED - Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 24. R&R Exhaust cap - through roof - 6" to 8" | 1.00 EA | 69.24 | 2.39 | 15.04 | 86.67 | (0.00) | 86.67 |
| 25. Prime & paint roof vent | 2.00 EA | 24.64 | 1.03 | 10.56 | 60.87 | (0.00) | 60.87 |
| **Totals: Roof** | | | **511.53** | **3,912.10** | **22,541.07** | **0.00** | **22,541.07** |

### Exterior

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 26. Window Installer - per hour | 4.00 HR | 53.48 | 0.00 | 44.92 | 258.84 | (0.00) | 258.84 |
| Labor for window screens. Includes two trips, one to measure one to install. | | | | | | | |
| 27. (Material Only) Window screen, 1 - 9 SF | 1.00 EA | 22.32 | 1.84 | 5.07 | 29.23 | (0.00) | 29.23 |
| 28. (Material Only) Reglaze window, 1 - 9 sf | 1.00 EA | 42.47 | 3.26 | 9.61 | 55.34 | (0.00) | 55.34 |
| 29. Comb/straighten a/c cond. fins - w/trip charge - Large | 1.00 EA | 196.06 | 0.00 | 41.18 | 237.24 | (0.00) | 237.24 |
| 30. Comb/straighten a/c cond. fins - w/out trip charge - Large | 1.00 EA | 94.11 | 0.00 | 19.76 | 113.87 | (0.00) | 113.87 |
| 31. Remove Gutter / downspout - aluminum - up to 5" | 101.00 LF | 0.37 | 0.00 | 7.85 | 45.22 | (0.00) | 45.22 |
| 32. Gutter / downspout - aluminum - up to 5" | 106.05 LF | 4.78 | 16.97 | 110.02 | 633.91 | (0.00) | 633.91 |
| 5% waste included. | | | | | | | |
| 33. Paint overhead door - 2 coats (per side) | 1.00 EA | 85.55 | 2.75 | 18.55 | 106.85 | (0.00) | 106.85 |
| 34. Tree - removal and disposal - per hour including equipment | 2.00 HR | 72.40 | 0.00 | 30.41 | 175.21 | (0.00) | 175.21 |
| 35. Tree - removal - per hour (Labor only) | 1.00 HR | 35.72 | 0.00 | 7.50 | 43.22 | (0.00) | 43.22 |
| 36. R&R Metal roofing | 315.00 SF | 5.65 | 30.15 | 380.09 | 2,189.99 | (0.00) | 2,189.99 |
| 37. R&R Eave trim for metal roofing - 29 gauge | 20.83 LF | 4.96 | 1.98 | 22.12 | 127.42 | (0.00) | 127.42 |
| 38. R&R Wood fence 5'- 6' high - cedar | 64.00 LF | 31.48 | 72.86 | 438.40 | 2,525.98 | (0.00) | 2,525.98 |
| 39. R&R 2" x 4" lumber (.667 BF per LF) | 64.00 LF | 2.63 | 2.69 | 35.93 | 206.94 | (0.00) | 206.94 |
| 40. Seal & paint - wood fence | 512.00 SF | 0.83 | 11.83 | 91.73 | 528.52 | (0.00) | 528.52 |
| 41. R&R Wood fence slat 5' - 6' high - cedar | 6.00 EA | 6.39 | 1.43 | 8.35 | 48.12 | (0.00) | 48.12 |
| 42. R&R 2" x 3" lumber (.5 BF per LF) | 8.00 LF | 2.43 | 0.22 | 4.12 | 23.78 | (0.00) | 23.78 |
| 43. Clean with pressure/chemical spray - Heavy | 410.00 SF | 0.37 | 0.34 | 31.93 | 183.97 | (0.00) | 183.97 |
| 44. Seal & paint - wood fence/gate | 410.00 SF | 0.83 | 9.47 | 73.45 | 423.22 | (0.00) | 423.22 |

## Ray Biggs

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

### CONTINUED - Exterior

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Totals: Exterior | | | 155.79 | 1,380.99 | 7,956.87 | 0.00 | 7,956.87 |

### General Conditions/Debris Removal

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| General Conditions | | | | | | | |
| 45. Residential Supervision - per hour* | 16.00 HR | 55.86 | 0.00 | 187.69 | 1,081.45 | (0.00) | 1,081.45 |
| 46. Generator - 6,000 watt - portable (per day) | 2.00 DA | 92.72 | 0.00 | 38.94 | 224.38 | (0.00) | 224.38 |
| Used to power the air compressor for the pneumatic nail guns. | | | | | | | |
| 47. Generator temporary power cable (per day) | 2.00 DA | 32.25 | 0.00 | 13.55 | 78.05 | (0.00) | 78.05 |
| Power cable from generator to air compressor. | | | | | | | |
| 48. Air compressor - 5HP - 2 stage, packaged - w/80 gal. tank - portable - (per day)* | 2.00 DA | 101.05 | 0.00 | 42.44 | 244.54 | (0.00) | 244.54 |
| Air compressor used for pneumatic nail guns. | | | | | | | |
| 49. 20' aluminum extension ladder (per day)(2 Ladders, 2 days each)* | 4.00 DA | 39.78 | 0.00 | 33.41 | 192.53 | (0.00) | 192.53 |
| 50. Equipment setup, take down, and monitoring (hourly charge) | 4.00 HR | 44.43 | 0.00 | 37.32 | 215.04 | (0.00) | 215.04 |
| 1 hour setup for safety equipment, safety meeting, moving equipment, etc. | | | | | | | |
| 51. HVAC Technician - per hour to verify exhaust pipes meet minimum code after roof repairs (Includes trip and inspection time)* | 3.00 HR | 94.11 | 0.00 | 59.29 | 341.62 | (0.00) | 341.62 |
| 52. Plumbing - Labor Minimum  to verify plumbing connections meet minimum code after roof repairs* | 1.00 EA | 260.69 | 0.00 | 54.75 | 315.44 | (0.00) | 315.44 |
| 53. Cover & Protect contents, HVAC unit(s), windows, delicate flowerbeds, shrubs, etc.* | 4,000.00 SF | 0.20 | 19.80 | 172.16 | 991.96 | (0.00) | 991.96 |
| 54. Contractor Registration, Permit, Code Compliance, Processing Fees* | 1.00 EA | 532.13 | 0.00 | 111.74 | 643.87 | (0.00) | 643.87 |
| 55. Fuel surcharge | 1.00 EA | 209.63 | 0.00 | 44.02 | 253.65 | (0.00) | 253.65 |
| 56. Delivery charge* | 1.00 EA | 161.25 | 0.00 | 33.87 | 195.12 | (0.00) | 195.12 |
| Debris Removal | | | | | | | |
| 57. Magnetize / rake yard for debris of insured property* | 4,250.00 SF | 0.13 | 17.53 | 119.71 | 689.74 | (0.00) | 689.74 |
| 58. Cleaning Technician - per hour 1 man 16 hours, 8 men 1 hour each upon completion of job* | 24.00 HR | 30.30 | 0.00 | 152.71 | 879.91 | (0.00) | 879.91 |

## Ray Biggs

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

### CONTINUED - General Conditions/Debris Removal

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 59. Dumpster load - Approx. 30 yards, 5-7 tons of debris | 1.00 EA | 456.28 | 0.00 | 95.82 | 552.10 | (0.00) | 552.10 |
| 60. Haul debris - per pickup truck load - including dump fees | 1.00 EA | 109.84 | 0.00 | 23.06 | 132.90 | (0.00) | 132.90 |
| **Totals:  General Conditions/Debris Removal** | | | **37.33** | **1,220.48** | **7,032.30** | **0.00** | **7,032.30** |

### OSHA/Federal Requirements

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|

OSHA

Here is a link to the OSHA website
http://www.osha.gov/pls/oshaweb/owadisp.show_document?p_table=STANDARDS&p_id=10757
Here is the link to the listing OSHA fines that have been levied against various contractors for not being in compliance.
http://ogesdw.dol.gov/

1926.501(a)(2)
The employer shall determine if the walking/working surfaces on which its employees are to work have the strength and structural integrity to support employees safely. Employees shall be allowed to work on those surfaces only when the surfaces have the requisite strength and structural integrity.

1926.502(a)
"General."

1926.502(a)(1)
Fall protection systems required by this part shall comply with the applicable provisions of this section.

1926.502(a)(2) shall provide and install all fall protection systems required by this subpart for an employee, and shall comply with all other pertinent requirements of this subpart before that employee begins the work that necessitates the fall protection.

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 61. Safety Monitor - per hour* | 16.00 HR | 46.66 | 0.00 | 156.78 | 903.34 | (0.00) | 903.34 |

1926.502(h)
"Safety monitoring systems." Safety monitoring systems [See 1926.501(b)(10) and 1926.502(k)] and their use shall comply with the following provisions:

1926.502(h)(1)
The employer shall designate a competent person to monitor the safety of other employees and the employer shall ensure that the safety monitor complies with the following requirements:

1926.502(h)(1)(i)
The safety monitor shall be competent to recognize fall hazards;

1926.502(h)(1)(ii)
The safety monitor shall warn the employee when it appears that the employee is unaware of a fall hazard or is acting in an unsafe manner;

1926.502(h)(1)(iii)
The safety monitor shall be on the same walking/working surface and within visual sighting distance of the employee being monitored;

1926.502(h)(1)(iv)
The safety monitor shall be close enough to communicate orally with the employee; and

1926.502(h)(1)(v)
The safety monitor shall not have other responsibilities which could take the monitor's attention from the monitoring function.

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 62. Roofing Toe boards* | 413.00 LF | 4.43 | 57.58 | 396.31 | 2,283.48 | (0.00) | 2,283.48 |

**Ray Biggs**

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

## CONTINUED - OSHA/Federal Requirements

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1926.502(j) | | | | | | | |

"Protection from falling objects." Falling object protection shall comply with the following provisions:

1926.502(j)(1)
Toeboards, when used as falling object protection, shall be erected along the edge of the overhead walking/working surface for a distance sufficient to protect employees below.

1926.502(j)(2)
Toeboards shall be capable of withstanding, without failure, a force of at least 50 pounds (222 N) applied in any downward or outward direction at any point along the toeboard.

1926.502(j)(3)
Toeboards shall be a minimum of 3 1/2 inches (9 cm) in vertical height from their top edge to the level of the walking/working surface. They shall have not more than 1/4 inch (0.6 cm) clearance above the walking/working surface. They shall be solid or have openings not over 1 inch (2.5 cm) in greatest dimension.

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 63. Lifeline anchor point* | 6.00 EA | 30.94 | 5.84 | 40.20 | 231.68 | (0.00) | 231.68 |
| 64. Fall protection harness and lanyard - per day | 6.00 DA | 8.60 | 0.00 | 10.84 | 62.44 | (0.00) | 62.44 |

1926.501(b)(2)(ii)
Each employee on a walking/working surface 6 feet (1.8 m) or more above a lower level where leading edges are under construction, but who is not engaged in the leading edge work, shall be protected from falling by a guardrail system, safety net system, or personal fall arrest system. If a guardrail system is chosen to provide the fall protection, and a controlled access zone has already been established for leading edge work, the control line may be used in lieu of a guardrail along the edge that parallels the leading edge.

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 65. Roofers Material Hoist* | 1.00 EA | 311.40 | 9.80 | 67.45 | 388.65 | (0.00) | 388.65 |
| 66. Roofer - per hour to load materials on roof. 4 men 2.5 hours each.* | 10.00 HR | 83.31 | 0.00 | 174.95 | 1,008.05 | (0.00) | 1,008.05 |

1926.1053(b)(21)
Each employee shall use at least one hand to grasp the ladder when progressing up and/or down the ladder.

1926.1053(b)(22)
An employee shall not carry any object or load that could cause the employee to lose balance and fall.

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 67. Temporary toilet - Minimum rental charge | 1.00 EA | 119.08 | 0.00 | 25.01 | 144.09 | (0.00) | 144.09 |

1915.88(d)(3)(i)
The employer shall provide portable toilets, pursuant to paragraph (d)(2)(i) and Table to paragraph (d)(2) of this section, only when the employer demonstrates that it is not feasible to provide sewered toilets, or when there is a temporary increase in the number of employees for a short duration of time.

| | | | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| **Totals: OSHA/Federal Requirements** | | | **73.22** | **871.54** | **5,021.73** | **0.00** | **5,021.73** |

## Interior

### Temporary Storage

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 68. Job-site moving/storage container - 16' long - per month | 1.00 MO | 198.86 | 0.00 | 41.77 | 240.63 | (0.00) | 240.63 |

## Ray Biggs

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

### CONTINUED - Temporary Storage

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 69. Job-site moving container - pick up/del. (ea. way) 16'-20' | 2.00 EA | 118.47 | 0.00 | 49.75 | 286.69 | (0.00) | 286.69 |
| **Totals: Temporary Storage** | | | **0.00** | **91.52** | **527.32** | **0.00** | **527.32** |

### Bedroom

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 70. Content Manipulation charge - per hour | 4.00 HR | 31.35 | 0.00 | 26.33 | 151.73 | (0.00) | 151.73 |
| 2 Men 1 hour each to pack out, same back in. | | | | | | | |
| 71. Ceiling fan - Detach & reset | 1.00 EA | 169.67 | 0.00 | 35.63 | 205.30 | (0.00) | 205.30 |
| 72. Provide box, packing paper & tape - large size | 2.00 EA | 4.74 | 0.65 | 2.13 | 12.26 | (0.00) | 12.26 |
| 73. Heat/AC register - Mechanically attached - Detach & reset | 4.00 EA | 12.94 | 0.00 | 10.87 | 62.63 | (0.00) | 62.63 |
| 74. Floor protection - self-adhesive plastic film | 567.00 SF | 0.49 | 6.08 | 59.62 | 343.53 | (0.00) | 343.53 |
| 75. Mask or cover per square foot | 720.00 SF | 0.40 | 3.56 | 61.23 | 352.79 | (0.00) | 352.79 |
| Cover and protect paneling. | | | | | | | |
| 76. Mask and prep for paint - plastic, paper, tape (per LF) | 228.00 LF | 1.02 | 4.14 | 49.71 | 286.41 | (0.00) | 286.41 |
| 77. Remove drywall and bag for disposal* | 12.00 SF | 0.90 | 0.11 | 2.29 | 13.20 | (0.00) | 13.20 |
| 78. R&R Blown-in insulation - 10" depth - R26 | 24.00 SF | 1.37 | 1.01 | 7.11 | 41.00 | (0.00) | 41.00 |
| 79. 5/8" drywall - hung, taped, ready for texture | 12.60 SF | 1.48 | 0.47 | 4.02 | 23.14 | (0.00) | 23.14 |
| Includes 5% Waste | | | | | | | |
| 80. Apply anti-microbial agent | 12.00 SF | 0.20 | 0.03 | 0.50 | 2.93 | (0.00) | 2.93 |
| 81. Remove Acoustic ceiling (popcorn) texture - heavy | 527.00 SF | 0.33 | 0.00 | 36.52 | 210.43 | (0.00) | 210.43 |
| 82. Acoustic ceiling (popcorn) texture - heavy | 539.00 SF | 0.83 | 3.11 | 94.60 | 545.08 | (0.00) | 545.08 |
| 83. Seal & paint acoustic ceiling (popcorn) texture | 539.00 SF | 0.89 | 12.01 | 103.26 | 594.98 | (0.00) | 594.98 |
| 84. Paint the surface area - two coats | 825.00 SF | 0.63 | 12.25 | 111.73 | 643.73 | (0.00) | 643.73 |
| 85. Additional cost for high wall or ceiling - Over 14' | 951.00 SF | 0.04 | 0.00 | 7.98 | 46.02 | (0.00) | 46.02 |
| 86. Scaffold - per section (per day) | 4.00 DA | 17.42 | 0.00 | 14.64 | 84.32 | (0.00) | 84.32 |

Includes: Two 5' x 5' legs or end sections, two sets of cross-braces, two 2' wide x 8' long catwalks or aluminum planks and safety rail.
Note: Per day equipment charge for scaffolding. Safety rail consists of four rail posts and four rail sections.
No life expectancy data

**Ray Biggs**

907 Harris Ridge Dr
Arlington, TX 76002
972–489–6220

**CONTINUED - Bedroom**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1926.1053(b)(21) | | | | | | | |
| Each employee shall use at least one hand to grasp the ladder when progressing up and/or down the ladder. | | | | | | | |
| 1926.1053(b)(22) | | | | | | | |
| An employee shall not carry any object or load that could cause the employee to lose balance and fall. | | | | | | | |
| 87. Labor to set up and take down scaffold - per section | 16.00 EA | 77.45 | 0.00 | 260.23 | 1,499.43 | (0.00) | 1,499.43 |
| 88. (Material Only) Sheathing - plywood - 3/4" CDX | 64.00 SF | 1.00 | 4.91 | 14.47 | 83.38 | (0.00) | 83.38 |
| Put under scaffolding to provide protection to flooring. | | | | | | | |
| 89. Final cleaning - construction - Residential | 567.00 SF | 0.19 | 0.00 | 22.62 | 130.35 | (0.00) | 130.35 |
| **Totals: Bedroom** | | | **48.33** | **925.49** | **5,332.64** | **0.00** | **5,332.64** |
| **Total: Interior** | | | **48.33** | **1,017.01** | **5,859.96** | **0.00** | **5,859.96** |

**Labor Minimums Applied**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 90. Skylight labor minimum* | 1.00 EA | 107.65 | 0.00 | 22.61 | 130.26 | (0.00) | 130.26 |
| 91. Insulation labor minimum* | 1.00 EA | 90.08 | 0.00 | 18.92 | 109.00 | (0.00) | 109.00 |
| **Totals: Labor Minimums Applied** | | | **0.00** | **41.53** | **239.26** | **0.00** | **239.26** |
| **Line Item Totals: 43535Z417** | | | **826.20** | **8,443.65** | **48,651.19** | **0.00** | **48,651.19** |

**Ray Biggs**

907 Harris Ridge Dr
Arlington, TX 76002
972-489-6220

## Summary

| | |
|---|---|
| Line Item Total | 39,381.34 |
| Material Sales Tax | 826.20 |
| | |
| Subtotal | 40,207.54 |
| Overhead | 4,020.78 |
| Profit | 4,422.87 |
| | |
| **Replacement Cost Value** | **$48,651.19** |
| **Net Claim** | **$48,651.19** |